O

# United States District Court
# Central District of California

MICHAEL ROCCA,

        Plaintiff,

    v.

DEN 109 LP dba DENNY'S #7425; FRITZ MOLLER; and GEISELA MOLLER,

        Defendants.

Case No. 2:14-cv-00538-ODW-MRW

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [57]**

## I.    INTRODUCTION

After a bench trial, Plaintiff Michael Rocca moves for attorneys' fees following entry of judgment for Den 109 LP dba Denny's #7425, Fritz Moller, and Geisela Moller (collectively "Defendants") on all but one minor charge under the California Disabled Persons Act, involving the location of a water closet handle which was to the left of instead of below the door's latch. For the reasons discussed below, the Court **DENIES** Rocca's Motion.[1] (ECF No. 57.)

## II.    FACTUAL BACKGROUND

On January 23, 2014, Rocca filed a Complaint alleging violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, the California Disabled Persons Act ("CDPA"), and California Health and Safety Code section 19955(a) against Defendants. Rocca, a paraplegic who uses a wheelchair for mobility,

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

alleged that because he encountered at least fifteen architectural barriers prohibited by the ADA at Defendants' establishment, Defendants violated the ADA for failing to keep their facilities fully and equally accessible to persons with disabilities by ensuring compliance with federal building codes. Rocca further argued that because Defendants violated the ADA they necessarily violated the Unruh Civil Rights Act.

On January 26, 2015, at the parties' final pretrial conference, Rocca informed the Court that Defendants failed to respond to his Requests For Admission. Following the hearing, the Court gave Rocca leave to file a motion for summary judgment and continued the trial date until after a ruling on the motion. On February 16, 2015, Rocca moved for summary judgment. (ECF No. 37.) On May 5, 2015, the Court granted partial summary judgment for Rocca as to the following violations: (1) both access aisles having slopes and cross slopes that exceed 2.0%; (2) both disabled parking spaces having slopes and cross slopes that exceed 2.0%; and (3) failing to make the water closet stall door self-closing. (ECF No. 46.) The Court entered judgment in favor of Rocca, awarding him $4,000 in damages under the Unruh Act and required Defendants to remedy the three violations in compliance with the ADA Accessibility Guidelines ("ADAAG"). (*Id*.) Although not requested by either party, the Court declined to award either party attorneys' fees. (*Id*. at 13–14.)

A bench trial was held on June 19, 2015 regarding the remaining alleged violations. The Court issued its Findings of Fact and Conclusions of Law on August 18, 2015 and found in favor of Defendants as to the following violations: (1) the pipes underneath the lavatory are improperly wrapped; (2) the paper towel dispenser is mounted too high; and (3) the waste receptacle protrudes in the clear maneuvering space needed to access the water closet. (ECF No. 54.) The Court dismissed with prejudice the following allegations for lack of standing: (1) the words "NO PARKING" is not painted within the access aisles; (2) incorrect signage posted at the van accessible parking space; and (3) the tow away signage posted is incorrect. (*Id*.) Lastly, the Court found that Rocca was only entitled to injunctive relief with respect to

the handle not being mounted below the water closet stall door lock. (*Id.*)

Despite the Court's express disapproval of the conduct by both parties' counsels, on September 2, 2015, Rocca moved for attorney fees under the CDPA. (ECF No. 57.) Defendants timely opposed and Rocca replied. (ECF Nos. 58, 63.) That Motion is now before the Court for consideration.

### III.  LEGAL STANDARD

Under the ADA, it is within the Court's discretion to award reasonable attorneys' fees and costs to the prevailing party. 42 U.S.C. § 12205. Such awards should be granted as a matter of course. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). However, where "special circumstances would render such an award unjust," attorneys' fees should be withheld. *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008).

By contrast, California law provides that under the CDPA, "the prevailing party in the action shall be entitled to recover reasonable attorneys' fees." Cal. Civ. Code § 55 (emphasis added). Courts have held that an award of attorneys' fees is mandatory. *Hubbard v. Sobreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2008) (noting interpretation of CDPA in *Plaintiffs v. Arciero Wine Group*, 164 Cal. App. 4th 786 (2008)). Notwithstanding California's mandate to award attorneys' fees to CDPA prevailing parties, federal case law prohibits attorneys' fees when special circumstances would render the award unjust. If special circumstances preclude an award of attorneys' fees under the ADA, preemption principles necessitate that CDPA attorneys' fees are withheld as well. *See Hubbard*, 554 F.3d at 744–45 (explaining it would be impossible to distinguish the fees expended in defense of the ADA claim versus the CDPA claim and thus, a grant of fees under the CDPA is necessarily a grant of fees arising under the ADA).

In a case involving a 42 U.S.C. § 1988 claim, the Ninth Circuit held that courts should evaluate whether there are special circumstances warranting a denial of attorneys' fees by looking at two factors: (1) whether the granting of fees would

further the purposes of the statute; and (2) whether the balance of equities favors a denial of fees. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). Additionally, in determining whether an award of fees would further the purpose of the statute, courts recognize that in civil rights cases, the intent of the attorneys' fees provisions is largely to encourage voluntary compliance and to eliminate the financial barriers plaintiffs ordinarily face in vindicating constitutional rights. *Seattle School Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1348 (9th Cir. 1980.) The key question is whether someone in the plaintiff's position would have been deterred from bringing the claim but for the attorneys' fees provision.

## IV.   DISCUSSION

As already articulated in the Court's Summary Judgement Order, special circumstances in the instant case would render an award of fees to Rocca unjust. (See ECF No. 46 at 13.) As an initial matter, Rocca provides no justification for an award of fees, merely stating that the Court previously denied fees only based upon the ADA and Unruh Act and thus, as the prevailing party, may still receive fees under the CDPA. (Mot. 2–3.) Aside from the fact that the Court is skeptical that Rocca is a "prevailing party" in this case, the Court finds that awarding fees to Rocca would disrupt the balance of equities. Rocca requests $31,612.50 in attorneys' fees. Given that Rocca had previously filed numerous similar claims involving similar violations, many of the attorney tasks for this lawsuit would not require the traditional time expenditures. (*See* Trial Tr. 53:14–54:7, June 19, 2015 (Rocca admitting that he has been a party to approximately 50 similar lawsuits).) Indeed, the volume of lawsuits filed and Rocca's virtually identical complaints in these actions proves as much. Further, the supporting documents in Rocca's request lists attorney time expenditures that are greater than should be required by Rocca's experienced firm; which reports that it specializes in this type of litigation. The records do not reflect the efficient treatment of tasks that one would expect from attorneys who have been practicing for several years and who have devoted much of their practice to disability rights law.

As some judges have observed, the ability for law firms and attorneys to profit from the ADA has led to attorneys, disinterested in ensuring greater access to places of public accommodation for people with disabilities, to file numerous lawsuit intending to recover large fees. *Molski*, 347 F. Supp. at 863. This theory was further supported during the bench trial, as the Court found that the only purpose for Rocca to visit Defendants' restaurant was for finding violations. (ECF No. 54 at 6–7.) Awarding Rocca's disingenuous practice and his attempt to extract fees from unjustified efforts would disrupt the equity already achieved through the accessibility changes Defendants have and are required to perform. To award fees for Rocca's questionable conduct would be unjust.

The minimal success Rocca achieved also evidences that attorneys' fees should be denied. Given that Rocca only prevailed on four out of his fifteen claims, Rocca's suit was relatively unsuccessful, and therefore it would be unfair to impose attorneys' fees against Defendants. Furthermore, Rocca does not distinguish which fees are associated with the claims that he actually prevailed on, rather, he only provides a single sum for the entire case. By providing no distinction in fees, and for the reasons discussed above, the Court rejects the entire amount. Because the ADA special circumstances rule preempts the CDPA attorneys' fees provision, recovery under the CDPA is unwarranted.

With respect to the litigation costs, the CDPA does not authorize the awarding of litigation costs. Cal. Civ. Code §§ 54–55.2. However, it is customary to award costs to the prevailing party of ADA litigation. *See* Fed. R. Civ. P. 54(d)(1). Nevertheless, while Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, it is within the district court's discretion to deny such costs once the court provides reasons as to why the case is not ordinary and why it would be inappropriate or inequitable to award costs. *Assoc. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). This Circuit has expressly recognized the following reasons: (1) the losing party's limited financial resources; (2) misconduct by

the prevailing party; and (3) the potential chilling effect of imposing high costs on civil rights litigants. *Champion Produce, Inc. v. Ruby Robinson Co., Inc*., 342 F.3d 1016, 1022 (9th Cir. 2003.) (citiation omitted). As explained above and in the Court's Summary Judgment Order, the circumstances of this case would make an award of litigation costs inappropriate and inequitable, and thus, Rocca should also be denied costs.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Rocca's Motion for Attorneys' Fees and Costs. (ECF No. 57.)

**IT IS SO ORDERED.**

September 23, 2015

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**